DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELO COICOU,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D22-329 and 4D22-1915

[April 19, 2023]

Consolidated orders denying rule 3.800(a) and rule 3.850 motions from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 12-16549CF10A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti III, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Angelo Coicou has filed two appeals which we have consolidated. In 4D22-1915, Appellant appeals the denial of his rule 3.850 motion, which we affirm without discussion.

In 4D22-329, Appellant seeks review of two orders issued on January 6, 2022. First, the trial court denied Appellant's rule 3.800(a) motion to correct his sentence for aggravated assault with firearm (count four). Appellant's motion cited the absence of a mandatory minimum sentence in the court's written order. The trial court properly relied on *Earl v. State*, 314 So. 3d 1253 (Fla. 2021), to deny relief. *See id.* at 1255 ("Though the plain language of rule 3.800(a) does not expressly prohibit defendants from seeking to correct unlawfully lenient sentences, we note that defendants are not entitled to such relief under the rule absent a showing of prejudice."). Here, because Appellant was not prejudiced by the postconviction court's denial of his rule 3.800(a) motion "because the relief he sought was a sentence with more onerous terms than the one that he initially received," Appellant "cannot show that the denial of his rule

3.800(a) motion resulted in harm that may be remedied on appeal." *Id.* at 1255-56.

However, the trial court also *sua sponte* corrected Appellant's sentence on count four to add a ten-year mandatory minimum sentence. Although no *nunc pro tunc* sentencing documents have been entered by the trial court or clerk following this order and Appellant's sentence prior to the order remained in force, the order nonetheless erroneously granted rule 3.800(a) relief that had already been properly denied. Further, as the State concedes, ten years was not the proper mandatory minimum for this offense. *See* § 775.087(2)(a)1., Florida Statutes (2012). We thus reverse and remand this matter with instructions to the trial court to vacate the January 6, 2022 *sua sponte* order and take no further action with respect to Appellant's sentence on count four.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and CONNER, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***